UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
NADIA BRANCH, on behalf of
herself and others similarly situated,

           Civil Action No.:

           Plaintiff,

-against-

           **FLSA COLLECTIVE**
           **AND RULE 23 CLASS**
           **ACTION COMPLAINT**

TWO BROTHERS ENTERTAINMENT CONSULTANTS LLC
D/B/A GENTLEMEN'S QUARTERS,
SUMMIT ENTERTAINMENT CORPORATION,      **JURY TRIAL REQUESTED**
PHILLIP TRICOLLA and ERIC TRICOLLA,

           Defendants.
------------------------------------------------------------------------X

Plaintiff, Nadia Branch ("Plaintiff"), on behalf of herself and others similarly situated, by her attorneys, Law Offices of Yale Pollack, P.C., as and for her Complaint against Defendants, Two Brothers Entertainment Consultants LLC d/b/a Gentlemen's Quarters, Summit Entertainment Corporation, Phillip Tricolla and Eric Tricolla (collectively "Defendants"), alleges as follows:

**PRELIMINARY STATEMENT**

1. Plaintiff brings this action, on behalf of herself and other current and former employees similarly situated, to remedy violations of the Fair Labor Standards Act, as amended, 29 U.S.C. §§201 *et seq.* (the "FLSA"). Plaintiff seeks, for herself and other similarly situated employees, unpaid wages, illegally retained tips, liquidated damages, reasonable attorneys' fees and costs, and all other appropriate legal and equitable relief, pursuant to 29 U.S.C. §§216(b) and 217, and other applicable federal law.

2. Plaintiff also brings this action, on behalf of herself and other similarly situated employees, to remedy violations of New York State Labor Law, including New York Labor Law §§190 *et seq.*, §§650 *et seq.* and 12 N.Y.C.R.R. §146 (the "NYLL"). Plaintiff seeks, for herself

and all other similarly situated employees, unpaid wages, pre- and post- judgment interest, reasonable attorneys' fees and costs, liquidated damages and other damages, and all other appropriate legal and equitable relief, pursuant to NYLL §§198, 663.

3. Defendants have engaged in a policy and practice of requiring the Plaintiff and others similarly situated to regularly work without being paid any hourly wages as required by applicable federal and state law, as Plaintiff was only permitted to retain the tips she received as a dancer at Defendants' establishment. At no time was Plaintiff provided with any records concerning the wages she was to or did receive.

## JURISDICTION AND VENUE

4. Jurisdiction of this Court over Plaintiff's FLSA claims is invoked pursuant to 29 U.S.C. §216(b) and 28 U.S.C. §1331.

5. Jurisdiction of this Court over Plaintiff's NYLL claims is invoked pursuant to 28 U.S.C. §1367(a) as the NYLL claims are so related to Plaintiff's FLSA claims as to form the same case or controversy under Article III of the United States Constitution.

6. Venue is appropriate in this Court under 28 U.S.C. §1391(b) as the acts or events giving rise to the claims occurred within Eastern District and the residence of Defendants is within the Eastern District.

## PARTIES

7. Plaintiff is an individual who resides in the County of Suffolk, State of New York.

8. At all times herein mentioned, Plaintiff was employed by Defendants, where she worked as a dancer in Defendants' establishment from in or about January 2017 to October 2018.

9. Defendant Two Brothers Entertainment Consultants LLC d/b/a Gentlemen's Quarters ("Two Bros.") is a domestic limited liability corporation authorized to do business in the

State of New York, with its principal place of business located in the County of Nassau, State of New York.

10. Defendant Summit Entertainment Corp. ("Two Bros.") is a domestic limited liability corporation authorized to do business in the State of New York, with its principal place of business located in the County of Nassau, State of New York.

11. Defendant Summit Entertainment Corporation ("Summit") is a domestic limited liability corporation authorized to do business in the State of New York, with its principal place of business located in the County of Nassau, State of New York.

12. Upon information and belief, Two Bros. and Summit (collectively the "Corporate Defendants") are engaged in the business of operating an adult entertainment establishment located in Baldwin, New York, known as Gentlemen's Quarters ("GQ").

13. GQ provides food and/or drinks to their customers at a price and are engaged in the "restaurant industry" and "hospitality industry" as those terms are defined in the NYLL and implementing regulations, including 12 NYCRR §137-3.1 and 12 NYCRR §146-3.1.

14. Upon information and belief, Defendant Phillip Triccola ("Phillip") is an officer, member and principal of the Corporate Defendants.

15. On the New York State Department of State, Division of Corporations website, Phillip is identified as the Chief Executive Officer of Summit.

16. Upon information and belief, Defendant Eric Triccola ("Eric") is an officer, member and principal of the Corporate Defendants.

17. On the New York State Department of State, Division of Corporations website, Eric is identified as the agent for Department of State Process for Two Bros.

18. At all relevant time mentioned herein, Phillip and Eric (collectively the "Individual

Defendants") had the power to hire, fire, and control the wages and working conditions of Plaintiff, the FLSA Collective Plaintiffs (as defined herein) and the Class Members (as defined herein).

19. The Individual Defendants both had authority to, and did in fact, exercise operational control over the Corporate Defendants.

20. The Individual Defendants set the manner by which Plaintiff, the FLSA Collective Plaintiffs and the Class Members were to be paid while employed by the Corporate Defendants.

21. At all times relevant, Defendants were covered by the FLSA and the NYLL.

22. Defendants maintained a common policy and practice of, *inter alia*, not paying employees an hourly wage for hours worked during their employment or otherwise notifying them of their rights under the law.

23. At all relevant times, Defendants affected commerce within the meaning of 29 U.S.C. §203(b) by producing goods for interstate commerce, or handling, selling, or working on goods or materials that have been moved in or produced for interstate commerce.

24. Upon information and belief, the gross annual volume of sales made or business done by Defendants was not less than $500,000.

25. At all relevant times, Defendants were Plaintiff's employers, as well as the employers of FLSA Collective Plaintiffs and the Class Members, within the meaning of the FLSA and the NYLL.

## FACTUAL ALLEGATIONS

26. Defendants own and operate GQ in Baldwin, New York.

27. Plaintiff was hired in January 2017 to work as a dancer for Defendants in GQ.

28. Plaintiff's duties consisted of, among other things, dancing for customers at GQ.

29. At the time of her hire, Plaintiff received no notices from Defendants concerning

information such as a rate of pay, overtime rate of pay, frequency of payment, regular pay day, or other information as required by the NYLL.

30. During her employment with Defendants, Plaintiff worked a consistent schedule.

31. Plaintiff generally worked Wednesdays through Saturdays, and some Sundays, from 10:00pm until 4:00am.

32. During her employment, Plaintiff only received tips as her compensation.

33. There were generally four (4) ways that Plaintiff could generate tips from customers at GQ.

34. First, Plaintiff could dance on stage, where she would be permitted to keep the tip money on the stage as her compensation.

35. Second, Plaintiff could provide five (5) minute dances to customers, which were charged generally at thirty dollars ($30.00) per dance.

36. For such dances, Plaintiff was permitted to keep fifteen dollars ($15.00) while Defendants retained the other fifteen dollars ($15.00).

37. However, Plaintiff did not receive the cash herself, but instead was provided with "funny money," for which one dollar ($1.00) of funny money equaled fifteen dollars ($15.00).

38. Third, Plaintiff could receive tips from customers at the bar.

39. Fourth, Plaintiff could dance in the VIP area, where pricing would range based on the length of the dance.

40. For VIP dances, Defendants received the entire price of the dance and provided Plaintiff with a paper receipt.

41. At the end of each night, Plaintiff would receive receipts for the VIP dances she performed.

42. As well, the funny money Plaintiff earned would be cashed out by Defendants.

43. Defendants would pay out on Plaintiff's receipts as it saw fit, which sometimes took up to three (3) months or more to be paid.

44. This required Plaintiff to have to continue working for Defendants in order to receive her already earned wages.

45. During her employment, Defendants controlled the manner in which Plaintiff could receive compensation.

46. For example, Defendants decided when Plaintiff would be permitted to go into the VIP area and when Plaintiff would be permitted to dance on stage.

47. Defendants maintained guidelines in the workplace, which the dancers were required to follow.

48. Such guidelines included Plaintiff not being permitted to have her cellular phone on her while working, answering to a manager about scheduling and attendance, being required to work certain hours in order to receive her pay, and not being allowed to refuse drinks from customers of the club.

49. If Plaintiff was late or a no show, she was warned that she would be fired by Defendants.

50. Plaintiff was also required to share her compensation with Defendants, as Defendants retained portions of the VIP dances and her tips were required to be shared with managers and bartenders.

51. If customers paid by credit card, Plaintiff would only receive half of her tip from Defendants.

52. Upon information and belief, the misappropriation of tips and failure to pay wages

to employees extended to the FLSA Collective Plaintiffs and the Class Members.

53. Upon information and belief, Defendants failed to provide Plaintiff, the FLSA Collective Plaintiffs and the Class Members with notices and documentation as required by the NYLL, either at the time of hire or in their weekly earnings statements.

54. Defendants failed to provide notice to Plaintiff, the FLSA Collective Plaintiffs and the Class Members regarding their rights under the FLSA or the NYLL.

55. On the grounds of equitable tolling, the statute of limitations for all claims asserted by Plaintiff, FLSA Collective Plaintiffs and the Class Members should be tolled due to the failure to provide appropriate and required notice of the law.

## **COLLECTIVE ACTION ALLEGATIONS**

56. Plaintiff brings Count One as a collective action pursuant to Section 216(b) of the FLSA, on behalf of herself and others similarly situated (the "FLSA Collective Plaintiffs"), which shall include:

> All persons who work or worked as dancers for Defendants from three (3) years prior to the filing of the original Complaint in this action through the date the Court orders notice to be sent in accordance with Section 216(b) of the FLSA (the "FLSA Collective Period").

57. At all relevant times, Plaintiff and the FLSA Collective Plaintiffs are and have been similarly situated, have had substantially similar job requirements, job duties and pay provisions, and are and have been subject to Defendants' decision, policy, plan, practice, procedure, routine, and rules to willfully fail and refuse to pay them the legally required minimum wage for all hours worked.

58. Other similarly situated employees to Plaintiff who were or are employed by Defendants should have the opportunity to have their claims for violations of the FLSA heard.

7

Certifying this action as a collective action under the FLSA will provide other tipped employees to receive notice of the action and allow them to opt-in to such an action if they so choose.

59. Count One is properly brought under and maintained as an opt-in collective action pursuant to Section 216(b) of the FLSA. The FLSA Collective Plaintiffs are readily ascertainable from records that Defendants are required by law to maintain. For purpose of notice and other purposes related to this action, their names and addresses are readily available from Defendants. Notice can be provided by means permissible under Section 216(b) of the FLSA.

## **RULE 23 CLASS ALLEGATIONS**

60. Plaintiff brings Counts Two, Three and Four as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure on behalf of a class (the "Class Members"), consisting of:

> All persons who work or worked for as dancers for Defendants from six (6) years prior to the filing of the original Complaint in this action through the date the Court certifies the class (the "Class Period").

61. The Class Members identified above are so numerous that joinder of all members is impracticable. Although the precise number of such employees is unknown, and facts on which the calculation of that number are presently within the sole control of Defendants, upon information and belief, there are believed to be at least forty (40) Class Members during the Class Period. There are questions of law and fact common to the Class Members that predominate over any questions affecting only individual members. The claims of Plaintiff are typical of the claims of the Class Members.

62. Plaintiff will fairly and adequately protect the interests of the Class Members. A class action is superior to other available methods for the fair and efficient adjudication of the controversy, particularly in the context of wage and hour litigation where individual plaintiffs may lack the financial resources to vigorously prosecute a lawsuit in federal court against

defendants.

63. There are questions of law and fact common to the Class Members which predominate over any questions solely affecting individual Class Members, including: (a) whether Defendants failed to pay Plaintiff and Class Members minimum wage for all hours worked; and (b) whether Defendants provided Plaintiff and Class Members with requisite notices under the NYLL.

### COUNT ONE

**(Failure to Pay Regular Wages – FLSA, Brought by Plaintiff on Behalf of Herself and the FLSA Collective Plaintiffs)**

64. Plaintiff realleges and incorporates by reference all previous paragraphs as if fully set forth herein.

65. Throughout the FLSA Collective Period, Plaintiff and the FLSA Collective Plaintiffs were employees of Defendants who worked without receiving an hourly wage for the services they performed.

66. At all times relevant hereto, Defendants willfully, regularly, repeatedly, and knowingly failed to pay Plaintiff and the FLSA Collective Plaintiffs the required minimum wage rates for all hours worked.

67. Plaintiff, on behalf of herself and the FLSA Collective Plaintiffs, seeks damages for unpaid wages, liquidated damages, reasonable attorneys' fees and costs, and such other legal and equitable relief as this Court deems just and proper.

### COUNT TWO

**(Failure to Pay Regular Wages – NYLL, Brought by Plaintiff on Behalf of Herself and the Class Members)**

68. Plaintiff realleges and incorporates by reference all previous paragraphs as if fully

set forth herein.

69. It is unlawful under New York law for an employer to suffer or permit a non-exempt employee to work without being paid for all hours worked.

70. Throughout the Class Period, Defendants willfully, regularly, repeatedly, and knowingly failed to pay Plaintiff and Class Members wages for all hours worked.

71. As a direct and proximate result of Defendants' unlawful conduct, as set forth herein, Plaintiff and the Class Members have sustained damages, including loss of earnings, in an amount to be established at trial.

72. Based on the foregoing, Plaintiff, on behalf of herself and the Class Members, seeks damages for unpaid wages, liquidated damages, pre- and post-judgment interest, reasonable attorneys' fees and costs, and such other legal and equitable relief as this Court deems just and proper.

### COUNT THREE

### (Misappropriation of Tips – NYLL, Brought by Plaintiff on Behalf of Herself and the Class Members)

73. Plaintiff realleges and incorporates by reference all previous paragraphs as if fully set forth herein.

74. Pursuant to NYLL §196-d, "No employer or his agent or an officer or agent of any corporation, or any other person shall demand or accept, directly or indirectly, any part of the gratuities, received by an employee, or retain any part of a gratuity or of any charge purported to be a gratuity for an employee."

75. Gratuities provided by Defendants' customers to Plaintiff and Class Members constitute "wages" as that term is defined under the NYLL, specifically including but not limited to NYLL §§193, 196-d, 198(3).

76. Defendants unlawfully withheld, and personally retained, portions of gratuities provided to the Named Plaintiffs and other members of the putative class action.

77. Upon information and belief, Defendants' violations of NYLL §196-d were willful.

78. Based on the foregoing, Plaintiff, on behalf of herself and the Class Members, seeks damages for misappropriated tips, liquidated damages, pre- and post-judgment interest, reasonable attorneys' fees and costs, and such other legal and equitable relief as this Court deems just and proper.

## COUNT FOUR

### (Illegal Deductions – NYLL, Brought by Plaintiff on Behalf of Herself and the Class Members)

79. Plaintiff realleges and incorporates by reference all previous paragraphs as if fully set forth herein.

80. Pursuant to NYLL §193, "No employer shall make any deduction from the wages of an employee, except deductions which … are expressly authorized in writing by the employee and are for the benefit of the employee; provided that such authorization is kept on file on the employer's premises. Such authorized deductions shall be limited to payments for insurance premiums, pension or health and welfare benefits, contributions to charitable organizations, payments for United States bonds, payments for dues or assessments to a labor organization, and similar payments for the benefit of the employee.

81. Pursuant to 12 NYCRR Parts 137, 142 and 146, employers may not make deductions for: "fines or penalties for lateness, misconduct, or quitting by an employee without notice."

82. Defendants unlawfully made deductions from wages earned by Plaintiff and Class

11

Members for surcharges and fees including but not limited to "house fees" and other improper deductions.

83. Plaintiff was forced to pay house fees and was not allowed to keep all of the tips she received from customers.

84. Defendants violated NYLL §196-d by withholding, and personally retaining, portions of gratuities of Plaintiff and Class Members and violated NYLL §193 by making improper deductions from the wages of Plaintiff and Class Members

85. Upon information and belief, Defendants' violations of NYLL §196-d and §193 were willful.

86. Based on the foregoing, Plaintiff, on behalf of herself and the Class Members, seeks damages for improper deductions from her wages, liquidated damages, pre- and post-judgment interest, reasonable attorneys' fees and costs, and such other legal and equitable relief as this Court deems just and proper.

## COUNT FIVE

### (Notice Violations – NYLL, Brought by Plaintiff on Behalf of Herself and the Class Members)

87. Plaintiff realleges and incorporates by reference all previous paragraphs as if fully set forth herein.

88. Defendants willfully failed to supply Plaintiff and the Class Members with notices as required by NYLL §195(1) containing Plaintiff's rate or rates of pay and basis thereof; whether paid by the hours, shift, day, week, salary, piece, commission, or other; hourly rate or rates of pay and overtime rate or rates of pay if applicable; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical

12

address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer; plus such other information as the commissioner deems material and necessary.

89. Based on Defendants' violations of the NYLL §195(1), Plaintiff and the Class Members are entitled to recover from Defendants up to $5,000 each, pursuant to NYLL §198(1-b), as well as reasonable attorneys' fees and costs.

## COUNT SIX

### (Wage Statement Violations – NYLL, Brought by Plaintiff on Behalf of Herself and the Class Members)

90. Plaintiff realleges and incorporates by reference all previous paragraphs as if fully set forth herein.

91. Defendants willfully failed to supply Plaintiff and the Class Members with notices as required by NYLL §195(3) containing the regular rate or rates of pay; overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked.

92. Based on Defendants' violations of the NYLL §195(3), Plaintiff and the Class Members are entitled to recover from Defendants up to $5,000 each, pursuant to NYLL §198(1-d), as well as reasonable attorneys' fees and costs.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff, and behalf of herself, the FLSA Collective Plaintiffs, and the Class Members, prays for relief as follows:

A. Designation of this action as a collective action on behalf of the FLSA Collective Plaintiffs and authorizing prompt issuance of notice pursuant to 29 U.S.C. §216(b) to all FLSA Collective Plaintiffs, apprising them of the pendency of this action, and permitting them promptly to file consents to be plaintiffs in the FLSA claims in this action;

      B.      Certifying this action as a class action under Rule 23 of the Federal Rules of Civil Procedure for applicable claims under the NYLL;

      C.      Awarding Plaintiff, similarly situated co-workers and putative class members damages for the amount of unpaid wages under the FLSA and/or the NYLL;

      D.      Awarding Plaintiff, similarly situated co-workers and putative class members liquidated damages in an amount equal to wages owed pursuant to 29 U.S.C. §216(b) and liquidated damages and other statutory remedies pursuant to the NYLL;

      E.      Awarding pre- and post-judgment interest as permitted under the law;

      F.      Awarding the costs of this action together with reasonable attorneys' fees; and

      G.      Granting such other and further relief as this Court deems necessary and proper.

## JURY DEMAND

Plaintiff, on behalf of herself, the FLSA Collective Plaintiffs, and the Class Members, demands a trial by jury on all causes of action and claims with respect to which they have a right to a jury trial.

Dated: June 3, 2019
      Syosset, New York

                      Respectfully submitted,
                      **LAW OFFICES OF YALE POLLACK, P.C.**

                      By: */s/ Yale Pollack*
                            Yale Pollack, Esq.
                      *Attorneys for Plaintiff, the FLSA Collective Plaintiffs*
                          *and the Class Members*
                      66 Split Rock Road
                      Syosset, New York 11791
                      (516) 634-6340 Phone
                      (516) 634-6341 Fax
                      ypollack@yalepollacklaw.com