

# Law Offices of Yale Pollack, P.C.

66 Split Rock Road
Syosset, New York 11791
Phone: (516) 634-6340
Fax: (516) 634-6341
www.yalepollacklaw.com

Yale Pollack, Esq.
ypollack@yalepollacklaw.com

September 25, 2019

**VIA ECF**
Magistrate Judge Steven M. Gold
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

      Re:    **Branch v. Two Brothers Entertainment Consultants LLC, et al.**
              **Case No. 19-cv-03291(AMD)(SMG)**

Dear Magistrate Judge Gold:

      This letter is respectfully submitted on behalf of all parties in the above-captioned matter, seeking the Court's approval of the settlement reached between the parties, per Your Honor's Order and the Second Circuit's decision in *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015), as Plaintiff's claims arise under the Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL").

      The parties have memorialized and executed a settlement agreement, as well as a Stipulation of Dismissal, which will discontinue the above-captioned case, with prejudice, in exchange for a payment by the defendants Two Brothers Entertainment Consultants LLC d/b/a Gentlemen's Quarters, Summit Entertainment Corporation, Phillip Tricolla, and Eric Tricolla (collectively, "Defendants") to the plaintiff Nadia Branch ("Plaintiff") in the amount of $3,500.00 in satisfaction for all claims raised in this action (and in accordance with the terms of the settlement agreement). Pursuant to the terms of the settlement agreement, Plaintiff's counsel will retain $1,166.66 in fees and $700.00 in expenses.

*Claims and Defenses*

      It is submitted that there are a number of factual and legal disputes between the parties which could ultimately impact Plaintiff's ability to prevail if this case would have proceeded to dispositive motion practice or to trial.

      Plaintiff commenced this action on June 3, 2019, seeking unpaid wages pursuant to the FLSA and NYLL, as well as damages for alleged wage notice and wage statement violations.

Magistrate Judge Steven M. Gold
September 25, 2019
Page 2

Plaintiff alleges that she worked from about January 2017 to October 2018 and that she generally worked four or five days per week. Plaintiff alleges that Defendants failed to pay her the required minimum wage rates for all hours worked, retained her gratuities, improperly charged a "house fee," and failed to supply Plaintiff with the notices required under NYLL.

Defendants categorically deny any wrongdoing and liability.

First, Defendants dispute that Plaintiff is owed any wages, as she was paid in full for all amounts owed her. Defendants produced to Plaintiff's counsel a November 2, 2018 text message from Plaintiff to defendant Phillip Tricolla, stating the "Total amount owed should be $1075" and attaching photos of the "receipts" reflecting the sums purportedly owed; those receipts totaled $1,000.00.  Following that text message exchange, Mr. Tricolla confirmed that Plaintiff was already paid the sums reflected in those receipts. Thus, Defendants contend that no additional sums are owed and that the text messages constitute an admission by Plaintiff of no liability.

Second, Defendants dispute that Plaintiff was an "employee"; rather, they contend she was an independent contractor, and was properly classified as such based on inquiries to their accountant and tax attorney, findings by the New York State Department of Taxation and Finance, and because Defendants operated with a "hands off" approach and exercised minimal control and supervision over the workers.

Third, Defendants contend that the customers' payments for Plaintiff's services, which Plaintiff characterizes as "gratuities," were in fact mandatory service charges, for which Plaintiff earned commissions.

Fourth, Defendants deny the willfulness of any alleged violations under the FLSA and NYLL.  *See Donovan v. Carls Drug Co.*, 703 F.2d 650, 652 (2d Cir. 1983)("Employers willfully violate FLSA when (1) they know that their business is subject to FLSA and (2) their practices do not conform to FLSA requirements."). Defendants would seek to prove that they paid Plaintiff for all work performed, that the method(s) of payment were understood and agreed upon by the parties, and all payment practices were in good faith and with the belief that they were not in violation of the FLSA, NYLL, or other associated guidelines.  Plaintiff, on the other hand, would seek to prove that any alleged violations were willful and that any purported intention to comply with the wage & hour laws was not done pursuant to the letter or spirit of the FLSA and NYLL.

Finally, Defendants represent they could not withstand a greater financial exposure than the compromise proposed here, given that the business has been closed for nearly six months and there are outstanding judgments and debts in excess of $1.5 million owed by Defendants.

In light of the foregoing disputes and the risks associated therewith, the parties agreed to settle the case to avoid further litigation, motion practice, and trial.

### The Settlement Terms

Pursuant to the Settlement Agreement (annexed as Exhibit 1), the parties have agreed to

2

Magistrate Judge Steven M. Gold
September 25, 2019
Page 3

the following break-down as to payment of the total $3,500.00 settlement amount:

- Unpaid wages (i.e., economic damages):  $1,166.67

- Liquidated damages (both FLSA and NYLL):  $466.66

- Attorneys' fees and expenses:  $1,166.66, plus expenses in the amount of $700.00 ($400 filing fee + $300 for process server)

The parties believe this settlement to be a fair resolution to this litigation, due to the aforementioned disputes about the value of Plaintiff's claims.

### *The Settlement Should be Approved*

The standard for approval of FLSA settlement is well-established in the Second Circuit. As stated by the Court in *Serebryakov v. Golden Touch Transp. of NY. Inc.*, No. 12-3990 (NGG)(RER), 2013 WL 3364393, at *2 (E.D.N.Y. 2013), "[i]n the absence of a certified class, a district court typically considers the following factors to determine whether a settlement of individual FLSA claims is reasonable: (1) the complexity, expense, and likely duration of litigation; (2) the stage of the proceedings and the amount of discovery completed; (3) the risks of establishing liability; (4) the risks of establishing damages; (5) the ability of defendants to withstand a larger judgment; and (6) the range of reasonableness in light of the best possible recovery and all the risks of litigation." *Id.* at *2 (citations omitted). *See also Diaz v. Scores Holding Co.,* No. 07-8718 (THK), 2011 WL 6399468, at *2 (S.D.N.Y. 2011)("Courts approve FLSA settlements when they are reached as a result of contested litigation to resolve *bonafide* disputes...Typically, courts regard the adversarial nature of a litigated FLSA case to be an adequate indicator of the fairness of the settlement. If the proposed settlement reflects a reasonable compromise over contested issues, courts will approve the settlement")(citations omitted).

Based on the *bona fide* disputes as to the value and viability of Plaintiff's claims, as well as the inherent risks of trial, the parties respectfully submit that the Settlement Agreement represents a fair and reasonable settlement of Plaintiff's claims in this action.

As set forth above, Defendants contend that Plaintiff is not owed any unpaid wages or other amounts. However, Defendants realize that there is the potential risk for significant expenses and liability if this case is not settled. While Plaintiff believes she would prevail on her claims, she acknowledges that she faces significant risk in establishing liability and damages should this case proceed. Plaintiff is cognizant of the risks and uncertainty of protracted litigation, motion practice, potential appeals, and other factors that might affect her ability to recover on any of the claims asserted in this action, including the Defendants' inability to withstand a larger judgment, given their financial situation.

It is respectfully submitted that approval of this settlement is warranted because it is the product of arms-length negotiations between parties represented by knowledgeable and experienced counsel who focus their respective practices on wage and hour litigation. *Wolinsky*

Magistrate Judge Steven M. Gold
September 25, 2019
Page 4

*v. Scholastic, Inc.,* 900 F.Supp.2d 322 (S.D.N.Y. 2012). Throughout the course of those negotiations, the parties shared their respective views on the validity and potential value of the claims, and ultimately reached a deal that both sides felt, given the risks associated with protracted litigation, was a fair compromise. Indeed, after several rounds of negotiation between counsel, including the exchange of documentary evidence, the parties arrived at a settlement amount of $3,500.00 to resolve all claims, including attorney's fees. Settlement at this stage of the case for this amount unquestionably constitutes the most efficient and effective conclusion to this litigation for all parties.

The settlement agreement submitted for approval is in line with the mandates of *Cheeks*. The Agreement does not contain a confidentiality provision; the Agreement only provides for a release of NYLL and FLSA claims up to the date of the signing of the Agreement; and Plaintiffs' attorneys' fees will be 33.33% of the total settlement.

Courts in the Second Circuit typically approve attorneys' fees in the range of thirty to thirty-three percent in FLSA cases. *See Santos v. El Tepeyac Butcher Shop, Inc.*, 2015WL 9077172, at *4 (S.D.N.Y. Dec. 15, 2015); *Thornhill v. CVS Pharmacy, Inc.*, 2014 WL 1100135, at * 3 (S.D.N.Y. March 20, 2014). Courts in this circuit have also held that the one-third contingency fee satisfies the broad remedial purpose of the FLSA and NYLL. *See Khait v. Whirlpool Corp.*, No. 06–6381 (ALC), 2010 WL 2025106 (E.D.N.Y. 2010).

To this end, Plaintiff's counsel represents clients (the present plaintiff included) on a contingency-fee basis, calculated during this case at 33.33% percent. This was the rate agreed upon by Plaintiff and counsel at the outset via a retainer agreement. To date, Plaintiffs' counsel bore all costs of litigation without compensation of any kind as his fee has been wholly contingent upon the result achieved. It is submitted that attorneys' fees in the amount of $1,166.67 (excluding expenses - $400 for the case number and $300 for process server) is fair and reasonable.

### *Conclusion*

In light of the foregoing, the parties respectfully submit that the proposed settlement amount is fair and reasonable, and further, that the terms of the settlement agreement comport with the requirements under the FLSA and NYLL. The parties respectfully request that the Court approve the settlement, and so-order the Stipulation and Order of Dismissal with Prejudice attached as Exhibit 2.

We thank the Court for its time and consideration.

                                                Respectfully submitted,
                                                Law Offices of Yale Pollack, P.C.

                                                Yale Pollack, Esq.

Enclosure

cc:     All Counsel (via ECF)