UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
NADIA BRANCH, on behalf of herself and others similarly situated,

                         Plaintiff,

       -against-

TWO BROTHERS ENTERTAINMENT
CONSULTANTS LLC D/B/A GENTELEMAN'S
QUARTERS, SUMMIT ENTERTAINMENT
CORPORATION, PHILLIP TRICOLLA
and ERIC TRICOLLA,
                         Defendants.
-----------------------------------------------------------------X

Case No.: 19-cv-03291(AMD)(SMG)

**NEGOTIATED SETTLEMENT AGREEMENT & RELEASE**

## NEGOTIATED SETTLEMENT AGREEMENT & RELEASE

      This Negotiated Settlement Agreement and Release ("Agreement") is made by and between defendants, Two Brothers Entertainment Consultants LLC, D/B/A Gentlemen's Quarters, Summit Entertainment Corporation, Phillip Tricolla and Eric Tricolla, on their own behalf and on behalf of their affiliates, subsidiaries, parents, corporations under common ownership or control, related business entities and companies, predecessors, successors and assigns, and their past and present owners, principals, shareholders, partners, members, officers, directors, trustees, employees, attorneys, insurers, representatives, fiduciaries and agents in their individual and/or representative capacities (collectively, the "Defendants" or "Employer"), and plaintiff, Nadia Branch (referred to as "Plaintiff" or "Employee") on their own behalf and on behalf of their heirs, executors, administrators, successors and assigns (Plaintiff and Defendants are hereinafter collectively referred to as the "Parties").

      **WHEREAS**, Defendants and Plaintiff are parties to a lawsuit filed in the United States District Court, Eastern District of New York, styled *NADIA BRANCH, on behalf of herself and others similarly situated, v. TWO BROTHERS ENTERTAINMENT CONSULTANTS LLC D/B/A GENTLEMAN'S QUARTERS, SUMMIT ENTERTAINMENT CORPORATION, PHILLIP TRICOLLA and ERIC TRICOLLA,* (the "Civil Action");

      **WHEREAS**, in the Civil Action, Plaintiff have asserted, among others, claims under the Fair Labor Standards Act and New York State Labor Laws seeking: unpaid wages, unpaid minimum wage, statutory damages, attorneys' fees and costs, interest, and statutory damages for

1

Defendants' purported failure to provide Plaintiff wage statements and wage notices pursuant to New York Labor Law §195 (together with all other claims Plaintiff have asserted or could assert relating to wage notices or the payment of wages and benefits, including any claim under 26 USC §7434, the "Wage and Hour Claims");

**WHEREAS**, the Defendants defended and continue to defend against all claims in the Civil Action and categorically deny Plaintiff' allegations asserted in the Civil Action, deny engaging in any wrongdoing whatsoever, and deny that they were or are liable or owe any wages, damages, monies or obligations to Plaintiff with respect to the allegations or causes of action asserted in the Civil Action;

**WHEREAS**, Plaintiff represent, warrant and acknowledge that there are *bona fide* disputes between Plaintiff and Defendants as to whether Plaintiff are entitled to receive unpaid wages as alleged;

**WHEREAS**, the Parties understand and agree that Defendants and any and all present and former affiliated entities, predecessor entities, successor entities and respective present and former owners, principals, shareholders, partners, members, officers, directors, trustees, employees, professional employer organizations, administrators, executors, attorneys, insurers, representatives, fiduciaries, agents, heirs, and assigns, individually and in their official capacities, deny each and every assertion of wrongdoing alleged by Plaintiff;

**WHEREAS**, the Parties understand and agree that neither the making of this Agreement, nor anything contained herein shall, in any way, be construed or considered to be an admission by the Defendants of any liability, guilt or noncompliance with any federal, state, city, or local statute, constitution, rule, ordinance, public policy, human rights or civil rights law, wage-hour law, wage-payment law, prevailing wage law, tort law, contract, common law, or of any other wrongdoing, unlawful conduct, liability or breach of any duty whatsoever to the Plaintiff.  It is expressly understood and agreed that this Agreement is being entered into solely for the purpose of avoiding the costs of litigation and amicably resolving all matters in controversy, disputes, causes of action, claims contentions and differences of any kind whatsoever, whether known or unknown, which have been or could have been alleged by the Parties against each other;

**WHEREAS**, Plaintiff, with full assistance and thorough consultation with counsel, freely and voluntarily enter into this Agreement in exchange for the promises contained herein which pertain to Defendants and the full payment due from Defendants as provided for herein;

**WHEREAS**, the Court has made no findings as to the merits of the claims or allegations contained in Plaintiff's Complaint;

**WHEREAS**, the terms and conditions of this Agreement have been explained to the Parties by their counsel;

**NOW THEREFORE**, in consideration of the foregoing, the mutual promises and the Release contained herein and for other good and valuable consideration, the sufficiency of which is hereby acknowledged and agreed, the Parties each agree as follows:

1. Release of Claims. In consideration for the total payment of THREE THOUSAND FIVE HUNDRED DOLLARS ($3,500.00) (the "Settlement Amount") as set forth in Paragraphs 3.1 and 3.2 herein, Plaintiff hereby completely, irrevocably and unconditionally releases, waives and forever discharges any and all claims, charges, complaints, judgments, or liabilities of any kind against Defendants, their heirs, executors, administrators, estate, predecessors, successors, assigns, divisions, affiliates, subsidiaries, parents, corporations under common ownership or control, related business entities and companies, business units, committees, groups, and their current and former owners, principals, shareholders, partners, members, officers, directors, trustees, employees, attorneys, accountants, insurers, fiduciaries, representatives, and agents thereof both individually and in their business capacities (collectively referred to as "RELEASEES"), whether known or unknown, which against the RELEASEES, Plaintiff or Plaintiff' heirs, executors, administrators, successors, and/or assigns, may now have or hereinafter can, shall or may have from the beginning of time until the date of the complete execution of this Agreement relating to the Wage and Hour Claims, all claims arising under The Fair Labor Standards Act, as amended, 29 U.S.C. §§ 201, *et seq.,* the New York Labor Law, as amended (including all regulations and minimum wage orders), the New York Labor Law §§190-198, as amended, the New York Labor Law §§220, *et seq.*, the New York Labor Law §§230, *et seq.*, the New York Wage Hour and Wage Payment Laws, as amended, and the New York Minimum Wage Act, as amended, 26 U.S.C. §7434, all claims for compensation or remuneration of any kind, unpaid wages, unpaid overtime, unpaid prevailing wages and supplemental benefits, improper deductions, spread-of-hours pay, split-shift pay, call in pay, vacation pay, sick pay, holiday pay, severance pay, bonuses, deferred compensation, incentive plans, medical, dental, life or disability insurance coverage, or any other fringe benefit, claims for statutory damages and/or penalties for failing to provide proper wage notices and/or wage statements, any other claims that were or could have been asserted in the Civil Action, and any claim for attorneys' fees or costs incurred in pursuing these or any other legal claims against any of the RELEASEES, except for fees and costs incurred in pursuing a claim for breach of this Agreement, as set forth in Paragraph 20 herein.

2. COURT APPROVAL AND EFFECTIVENESS OF SETTLEMENT

    2.1    Court Approval of FLSA Settlement.

        (A)    On or before September 25, 2019, Plaintiff and Defendants will file a Joint Motion seeking an Order approving the settlement of Plaintiff' Wage and Hour Claims (the "Approval Motion").

        (B)    In the Approval Motion, the Parties shall request that the Court approve the settlement of the Wage and Hour Claims as final, fair, reasonable, adequate, and binding on Plaintiff, based on the terms of this Agreement, and shall dismiss the Civil Action with prejudice and without attorneys' fees or costs to any party except as specifically provided for in this Agreement.

        (C)    If the Court denies the Approval Motion either in part or in its entirety, then the Parties jointly agree to seek reconsideration of the ruling or seek Court approval of a renegotiated settlement, if any. Should such efforts be unsuccessful and/or denied, the Civil Action will proceed as if no settlement

      had been attempted, and the Parties will retain all of their respective rights in these proceedings.

  (D)    The Parties will work together, diligently and in good faith, to obtain expeditiously a final Order approving the settlement Agreement and dismissing this Civil Action with prejudice.

  (E)    The payments required by Paragraphs 3.1(B) and 3.1(C) hereof from Defendants shall be delivered to Plaintiff' counsel no later than thirty (30) days after Defendants' counsel's receipt of a final Order of the Court approving the settlement Agreement and dismissal of the Civil Action with prejudice. To the extent that the Court rejects this Agreement, in whole or in part, and/or fails to issue an Order dismissing this Civil Action with prejudice, Defendants shall have no obligation to provide the payments specified in Paragraph 3 hereof. Further, in the event the Court entirely denies said application for approval, the obligations of the parties shall be deemed null and void and the Civil Action shall continue as though the parties had never entered into this Agreement.

2.2    Effectiveness. This Agreement shall be effective only when: (a) this Agreement is executed by all Parties and (b) a final Order of the Court has been issued approving the terms of settlement specified in this Agreement and dismissing this Civil Action with prejudice; provided, however, that the provisions of Paragraph 2 of this Agreement shall become effective immediately upon execution of this Agreement by Defendants and Plaintiff. The "Effective Date" shall be the first business day after the conditions precedent in this Paragraph are all satisfied.

3.    SETTLEMENT TERMS

3.1    Settlement Amount – Payable to Plaintiff.

  (A)    Defendants agree to pay the Settlement Amount, which shall fully resolve and satisfy any and all amounts to be paid to Plaintiff and any and all claims for attorneys' fees and costs in respect of this Civil Action. Defendants will not be required to pay more than the Settlement Amount under the terms of this Agreement. The Settlement Amount shall comprise of all amounts payable under Paragraphs 3.1(B) and 3.2 of this Agreement.

  (B)    From the Settlement Amount of $3,500.00, Plaintiff shall receive payment by separate checks as follows:

        a. alleged unpaid wages in the gross sum of $1,166.67, less all applicable state, federal and local taxes and withholdings. A W-2 will be issued to Plaintiff for this amount;

        b. alleged liquidated damages, statutory damages and/or interest in the gross sum of $466.66 for which Plaintiff will be provided with an IRS Form 1099.

4

       c. the gross sum of $1,866.66 to Plaintiff' counsel, Law Offices of Yale Pollack, P.C., as payment towards attorneys' fees and costs for which an IRS Form 1099 will be provided. Of that amount, $700.00 represents expenses.

3.2    Tax Characterization.

(A)    For tax purposes, payments in Paragraphs 3.1(a) shall be treated as unpaid wages for which a Form W-2 shall be issued and payments in Paragraphs 3.1(b) shall be treated as interest and/or liquidated damages and issue without any withholdings for which a Form 1099 shall be issued to Plaintiff. Plaintiff shall provide to Defendants on or before the Effective Date completed and executed IRS Forms W-4 and W-9. Plaintiff' shall also provide to Defendants on or before the Effective Date a completed and executed IRS Form W-9 for their attorneys. No payment shall be issued under this Agreement until completed and executed IRS Forms W-4 and W-9 are tendered.

(B)    Payments treated as unpaid wages pursuant to Paragraph 3.1 shall be made net of all applicable employment taxes, including, without limitation, federal, state and local income tax withholdings and each respective employee's share of FICA tax, and shall be reported to the Internal Revenue Service ("IRS") and the payee under the payee's name and social security number and/or taxpayer identification number on an IRS Form W-2. Payments treated as interest and/or liquidated damages pursuant to Paragraph 3.1 shall be made without withholding and shall be reported to the IRS and the payee, to the extent required by law, under the payee's name and social security number and/or taxpayer identification number on an IRS Form 1099. Said funds shall be listed in Box 3 ("Other Income") of the issued IRS Form 1099. Payments of attorneys' fees and costs pursuant to Paragraph 3.1(c) shall be made to Plaintiff' Counsel without withholding and reported on an IRS Form 1099 under the payee's name and taxpayer identification. Additionally, an IRS Form 1099 will be issued to Plaintiff in the amount of the fees and costs pursuant to Paragraph 3.1(c).

(C)    Defendants shall be responsible for any and all applicable employer tax contributions associated with wage payments, including but not limited to the employer share of the FICA tax and any federal and state unemployment tax due with respect to the amounts treated as wages pursuant to Paragraph 3.1(a). Any such payroll taxes ordinarily borne by the employer shall be paid by Defendants in addition to the Settlement Amount and shall not be paid out of the Settlement Amount. Defendants shall not be responsible for: (i) any payroll taxes imposed on employees, rather than employers; (ii) any taxes imposed on the portion of the payments to Plaintiff treated as payment of interest and/or liquidated damages reported on Forms 1099; or (iii) any taxes imposed with respect to the payment of attorneys' fees to Plaintiff's Counsel under this Agreement.

5

    (D)    Plaintiff acknowledge and agree that, except for the employer share of the FICA tax and any federal and state unemployment tax due with respect to the amounts treated as wages as specified in Paragraphs 3.1(a), Plaintiff will be solely responsible for all taxes, interest and penalties due with respect to any payment received pursuant to this Agreement. Additionally, Plaintiff agree to indemnify and hold Defendants harmless for any and all federal, state, city, and local taxes, interest, charges, and penalties that are due, may become due or are otherwise assessed against Plaintiff at any time with respect to any portion of the Settlement Amount received by Plaintiff except for the employer share of the FICA tax and any federal and state unemployment tax due with respect to the amounts treated as wages as specified in Paragraph 3.1(a).

    (E)    The employee portion of all applicable income and payroll taxes will be the sole responsibility of Plaintiff.

3.3  Settlement Checks. Subject to the provisions above, the payments referenced in Paragraphs 3.1 and 3.2 above shall be delivered by Defendants to the Plaintiff' counsel, Law Offices of Yale Pollack, 66 Split Rock Road, Syosset, New York 11791. In the event that the payments referenced in Paragraphs 3.1 and 3.2 above are not received by the payment date described in Paragraph 2.1(E), Plaintiff's counsel shall serve a written notice ("Default Notice") upon counsel for the Defendants, Gregory S. Lisi, Esq. and Danielle E. Tricolla, Esq., Forchelli Deegan Terrana LLP, 333 Earle Ovington Blvd., Suite 1010, Uniondale, New York 11553, glisi@forchellilaw.com, dtricolla@forchellilaw.com via e-mail, and the Defendants shall have ten (10) calendar days from receipt of same to cure the default by making such payment. Upon Defendants' failure to cure a default within ten (10) calendar days of receipt of the Default Notice, the Civil Action shall continue as if no settlement was reached.

3.4  Amount Payable as Attorneys' Fees and Costs. Except for the amount payable as attorneys' fees and costs, as specified in Paragraphs 3.1(c), the Parties acknowledge and agree that Defendants are not liable to Plaintiff for any other attorneys' fees and costs due or owing in connection with this Civil Action.

4.  Representations and Warranties of Plaintiff. By signing this Agreement, Plaintiff acknowledges and agrees that:

    (A)    She has been afforded a reasonable and sufficient period of time for review, for deliberation thereon and for negotiation of the terms of this Agreement, and she has been specifically advised to consult with legal counsel or a representative of her choice, had the opportunity to do so and has, in fact, done so by consulting with Plaintiff' Counsel;

    (B)    She has read and understand the terms of this Agreement, all of which have been fully explained to her;

    (C)    She is not affected by any condition, drug, alcohol or medication that would interfere with or impair her ability to understand this Agreement;

6

    (D)    She has signed this Agreement freely and voluntarily and without duress or coercion and with full knowledge of its significance and consequences and of the rights relinquished, surrendered, released and discharged hereunder;

    (E)    The only consideration for signing this Agreement is the terms stated herein and no other promise, agreement or representation of any kind have been made to Plaintiff by any person or entity whatsoever to cause them to sign this Agreement;

    (F)    She has not assigned or transferred, or purported to assign or transfer, to any person or entity, any claim in this Civil Action, and has full authority to enter into this Agreement and the release contained in Paragraph 1 above;

    (G)    Upon payment of the amounts due pursuant to Paragraph 3 above, Plaintiff will have been paid in full for all time worked in connection with her employment with Defendants and Plaintiff is owed no other amounts or forms of compensation, including, but not limited to, any wages, overtime, minimum wage, prevailing wages, supplemental benefits, spread-of-hours pay, split-shift pay, call in pay, vacation pay, sick pay, holiday pay, accrued benefits, severance, bonus, tips, and/or commission from Defendants.

5.     The Parties acknowledge that the RELEASEES do not admit that they have done anything wrong or treated Plaintiff unlawfully. The Parties acknowledge that Defendants agreed to this Agreement with the understanding that the terms have been reached because this settlement will: (i) avoid the further expense of costly and protracted litigation; and (ii) put the claims in this Civil Action to rest. Nothing in this Agreement shall be deemed or read as an admission by any RELEASEE of liability or damages.

6.     If any provision of this Agreement is held by a court of competent jurisdiction to be illegal, void or unenforceable, such provision shall have no effect; however, the remaining provisions shall be enforced to the maximum extent possible.

7.     Plaintiff represents that she will not file or pursue any complaints, lawsuits, charges, claims, demands, appeals or actions, whether currently pending or that may be filed in the future, of any kind in any forum (including court, administrative or governmental agency, or arbitration) against the Defendants for any compensation or remuneration of any kind, wages, overtime, prevailing wages and supplemental benefits, improper deductions, accrued benefits, the Wage and Hour Claims asserted in this Civil Action, and all claims arising under The Fair Labor Standards Act, as amended, 29 U.S.C. §§ 201, *et seq.,* the New York Labor Law, as amended (including all regulations and minimum wage orders), the New York Labor Law §§190-198, as amended, the New York Labor Law §§220, *et seq.*, the New York Labor Law §§230, *et seq.*, the New York Wage Hour and Wage Payment Laws, as amended, and the New York Minimum Wage Act, up to the date of this Agreement and under 26 U.S.C. §7434.

**8.**     **Plaintiff is hereby advised to retain an attorney for the purpose of reviewing the Agreement, and represents and warrants that she has in fact retained the Law Offices of Yale Pollack, P.C., 66 Split Rock Road, Syosset, New York 11791 for the purpose of**

**reviewing this Agreement, knows that she may be giving up important rights, has carefully read and fully considered the terms of this Agreement, has had ample opportunity to negotiate the terms of this Agreement through her attorney, has had ample opportunity to discuss the terms of the Agreement with attorneys or advisors of her own choosing, agrees to all of the terms of this Agreement, intends to be bound by them and to fulfill the promises set forth herein, and voluntarily and knowingly enters into this Agreement with full understanding of its binding legal consequences and has executed this Agreement voluntarily, knowingly and with such advice from her attorney as she deems appropriate**.

9. Enforcement of this Agreement shall be governed and interpreted by, and under, the laws of the state of New York, regardless of whether any party is, or may hereafter be, a resident of another state.

10. No waiver, modification, or amendment of the terms of this Agreement shall be valid or binding unless in writing, signed by or on behalf of all of the Parties, and then only to the extent set forth in such written waiver, modification or amendment subject to Court approval, if necessary.

11. This Agreement shall be binding upon, and inure to the benefit of the Parties and their affiliates, beneficiaries, heirs, executors, administrators, successors, and assigns.

12. The Parties have negotiated and mutually drafted all the terms and conditions of this Agreement at arms' length. All terms and conditions of this Agreement in the exact form set forth in this Agreement are material to this Agreement and have been relied upon by the Parties entering into this Agreement, unless otherwise expressly stated.

13. The Parties shall reasonably cooperate with each other and shall use their reasonable best efforts to obtain the Court's approval to this Agreement and all of its terms. Each party, upon the request of any other party, agrees to perform such further acts and to execute and deliver such other documents as are reasonably necessary to carry out the provisions of this Agreement.

14. The Parties agree to have the United States District Court, Eastern District of New York retain jurisdiction over the interpretation and implementation of this Agreement as well as any and all matters arising out of, or related to, the interpretation or implementation of this Agreement and of the settlement contemplated thereby.

15. In any interpretation of this Agreement the masculine, feminine or neutral pronouns, respectively, shall include the other genders.

16. The Parties agree that should there be any ambiguity with respect to the interpretation of this Agreement, no inference will be drawn against either party as the drafter of this Agreement. The Agreement will be interpreted by the trier of fact, without regard to the identity of the drafter of the Agreement or any of its terms or provisions.

any and all matters arising out of, or related to, the interpretation or implementation of this Agreement and of the settlement contemplated thereby.

15. In any interpretation of this Agreement the masculine, feminine or neutral pronouns, respectively, shall include the other genders.

16. The Parties agree that should there be any ambiguity with respect to the interpretation of this Agreement, no inference will be drawn against either party as the drafter of this Agreement. The Agreement will be interpreted by the trier of fact, without regard to the identity of the drafter of the Agreement or any of its terms or provisions.

17. The Parties agree not to seek any interest, fees or costs from each other and, except as provided in this Agreement, agree to be responsible for the payment of their own attorneys' fees, costs and disbursements incurred in connection with the Civil Action. This provision does not preclude any party from seeking reasonable costs, attorneys' fees and interest, as well as reasonable costs, attorneys' fees and interest incurred in making a motion for same in the event there is a material breach of this Agreement.

18. This Agreement may be executed in counterparts, each of which together shall be deemed an original, but all of which together shall constitute one and the same instrument. In the event that any signature is delivered by facsimile transmission or by e-mail delivery of an ADOBE ".pdf" format data file, such signature shall create a valid and binding obligation of the party executing (or on whose behalf such signature is executed) with the same force and effect as if such facsimile or ".pdf" signature page was an original thereof.

19. This Agreement supersedes all prior agreements or understandings of any kind, whether oral and written, and represents the entire Agreement of the Parties. This Agreement is intended to provide a memorialize the full and final compromise and settlement of all matters in controversy, disputes, causes of action, claims, contentions and differences between the Parties to this Agreement. This Agreement represents the entire understanding of the Parties with respect to the subject matter hereof.

**THEREFORE,** the Parties to this Agreement now voluntarily and knowingly execute this Agreement as follows:

**NADIA BRANCH**

Dated: September 24, 2019

_____
NADIA BRANCH

9

Dated: September 24, 2019

**TWO BROTHERS ENTERTAINMENT CONSULTANTS LLC**

By: _____

Title: _____

Dated: September 24, 2019

**SUMMIT ENTERTAINMENT CORPORATION**

By: _____

Title: _____

Dated: September 24, 2019

**PHILLIP TRICOLLA, Individually**

_____
PHILLIP TRICOLLA, Individually

Dated: September 24, 2019

**ERIC TRICOLLA, Individually**

_____
ERIC TRICOLLA, Individually

10